1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ISAAC MONTGOMERY,                        Case No. 1:18-cv-00643-LJO-EPG

12                    Plaintiff,              **ORDER FOR PLAINTIFF TO:**

13        v.                                  **(1)   FILE A FIRST AMENDED
                                              COMPLAINT; OR,**
14
     JERRY DYER, *et al.*,                    **(2) NOTIFY THE COURT THAT HE
15                                            WISHES TO STAND ON THE
                     Defendants.             COMPLAINT, SUBJECT TO FINDINGS
16                                            AND RECOMMENDATIONS TO THE
                                             DISTRICT JUDGE CONSISTENT WITH
17                                           THIS ORDER**

18                                            (ECF No. 1)

19                                           **THIRTY (30) DAY DEADLINE**
20

21          On May 10, 2018, Plaintiff, Isaac Montgomery, appearing *pro se* and *in forma pauperis*,

22   commenced this action under 28 U.S.C. § 1983, alleging claims against the Fresno County Police

23   Department and Jerry Dyer, Chief of Police, related to a press conference conducted by

24   Defendant Dyer. (ECF No. 1.) The Court has screened the Complaint and has determined that

25   Plaintiff failed to state any cognizable claims.

26   **I.     LEGAL STANDARD**

27          Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to

28
                                             1

determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

The Complaint alleges that on or about February 9, 2018, Dyer, acting in his capacity as chief of police and spokesperson for the Fresno County Police Department, held a press conference. (ECF No. 1 at 3.) During the press conference, Dyer depicted Plaintiff "as a known member of a notorious street gang known for various types of dangerous [and extraordinarily]

heinous violent crimes." (*Id.*)  Plaintiff alleges that Dyer's statements at the press conference (1) deprived Plaintiff of the equal protection of the law; (2) "violated his sworn duties to uphold [and] protect the citizens of his jurisdiction"; (3) breached "his contract to serve [and] protect"; and (4) slandered Plaintiff's name and defamed Plaintiff's character. (ECF No. 1 at 3.)

## III.    DISCUSSION

### A.    Claims Against Fresno County Police Department

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id.* ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

The Complaint does not allege any policy or custom of the Fresno County Police Department that caused Plaintiff's injury. Plaintiff has thus failed to state a § 1983 claim against the Fresno County Police Department, and this defendant is accordingly subject to dismissal.

### B.    Defamation Claim

#### 1.    Defamation under § 1983

"Damage to reputation alone is not actionable under § 1983." *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006). However, if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under § 1983 on the theory that he or she has been deprived

of a constitutionally protected right without the procedural guarantees of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 708-09 (1976) (recognizing that a § 1983 defamation case might lie where a government official defames a plaintiff and the official's action "deprived the individual of a right previously held under state law"; "it was the alteration of legal status which, combined with the injury resulting from the defamation, justified the invocation of procedural safeguards").

To state a claim for § 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was denied of a federally protected interest without due process of law. *Hart*, 450 F.3d at 1070 (quoting *Paul*, 424 U.S. at 701-02). "This is known as the 'stigma-plus' test." *Id*. at 1070.

The "stigma-plus" test can be satisfied in two ways. *Id.* The first way is for a plaintiff to "show that the injury to his reputation was inflicted in connection with the deprivation of a federally protected right." *Id.* (citation omitted). The second way is for a plaintiff to "show that the injury to his reputation *caused* the denial of a federally protected right." *Id.*

Here, Plaintiff alleges that Dyer stated at a press conference that Plaintiff was an active member of a notorious street gang known for dangerous and extraordinarily heinous violent crimes. Plaintiff does not allege that Plaintiff has been deprived of a federally protected right in connection with Dyer's statement without due process of law, or that Dyer's statements were false. Accordingly, Plaintiff has failed to state a claim for defamation under § 1983.

### 2. *Defamation under California State Law*

Under California law, defamation is defined as the "intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). California Civil Code § 47 provides that, with qualified exceptions, "a privileged publication is one made: (a) In the proper discharge of an official duty," and "(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure." Cal. Civ. Code § 47.

Here, Plaintiff alleges that Dyer, while acting in his capacity as Chief Commander of the Fresno County Police Department, stated at a press conference that Plaintiff was an active member of a notorious street gang known for dangerous and extraordinarily heinous violent crimes. As alleged, the statement by Dyer would be privileged. *See id*; *Maranatha Corrections, LLC v. Department of Corrections & Rehabilitation*, 70 Cal.Rptr.3d 614 (Ct. App. 2008) ("Because a public official's duty includes the duty to keep the public informed of his or her management of the public business, press releases, press conferences and other public statements by such officials are covered by the 'official duty' privilege. . . .") (quoting *Rothman v. Jackson*, 57 Cal. Rptr.2d 284 (Ct. App. 1996)).

### C.     Equal Protection of the Law Claim

"'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Where the governmental action is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Id.* (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66 (1977)). An equal protection claim can be brought by a "'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

Here, Plaintiff does not allege that he is part of a protected class, and that Defendants discriminated against Plaintiff based on his membership in that protected class, or that he has been intentionally treated differently from others who are similarly situated and there is no rational basis for the different treatment. Plaintiff has thus failed to allege a claim for violation of the right to equal protection of the law.

### D.     Duties to Serve and Protect the Citizens Claim

"There is, in general, no constitutional duty of state officials to protect members of the

public at large from crime." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699-700 (9th Cir. 1988). "However, such a duty may arise by virtue of a 'special relationship' between state officials and a particular member of the public."[1] *Id.*

Here, Plaintiff alleges that in making the allegedly defamatory statement about Plaintiff at the press conference, Dyer violated his sworn duties to protect and serve the citizens within the jurisdiction, including Plaintiff. However, Plaintiff has not alleged that there is any special relationship between Dyer and Plaintiff and has not, therefore, stated a cognizable claim under § 1983.

## IV. CONCLUSION AND ORDER

The Court finds that the Complaint fails to state any cognizable claims under § 1983 upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty (30) days, if he chooses to do so.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, *see* Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently plead. Plaintiff should also set forth sufficient facts to establish that the Court has subject matter jurisdiction over his claims in accordance with 28 U.S.C. § 1332 or any other law. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate

---

[1] "To determine whether a "special relationship" exists, a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff." *Balistreri*, 901 F.2d at 700 (citations omitted).

case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on the Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00643-LJO-EPG;

3. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

4. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on the Complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**October 26, 2018**__                    /s/ _Erica P. Grosjean_
                                                  UNITED STATES MAGISTRATE JUDGE