**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC MONTGOMERY, | Case No. 1:18-cv-00643-LJO-EPG |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM** |
| v. | |
| JERRY DYER, *et al.*, | (ECF No. 7) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Isaac Montgomery ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this civil rights action by filing a Complaint on May 10, 2018. (ECF Nos. 1, 3, 4). The Court screened the Complaint, and finding that it failed to state any cognizable claims, directed Plaintiff to file an amended complaint. (ECF No. 5). On November 13, 2018, Plaintiff filed a First Amended Complaint against Jerry Dyer, Chief of Police of the Fresno Police Department, in his individual capacity, and the Fresno Police Department ("Defendants"). (ECF No. 7).

The First Amended Complaint is now before the Court for screening. For the reasons described below, the Court recommends dismissing this action for failure to state a cognizable claim.

**I. LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to

determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff alleges that Defendants held a press conference during which they accused him of being in a notorious street gang known for various types of dangerous and extraordinarily heinous violent crimes. Defendants' statements placed Plaintiff and his family in immediate and dire danger.

2

Plaintiff further alleges that Defendants acted in concert to deprive him of equal protection under the Fourteenth Amendment. Plaintiff asserts that Defendants did not ensure that the facts of the release were true, treated Plaintiff differently from others for unknown reasons, and showed deliberate indifference and willful and wanton disregard of Plaintiff's constitutional rights. Plaintiff further asserts, "the policy and practice of airing unfactual [sic] press releases, whether knowingly or unknowingly is the driving force for these allegations."

Plaintiff also alleges that the statements made in the press conference defamed his character. Plaintiff asserts that the statements were false, unprivileged, and had a tendency to cause injury to him and his family, and did cause injury to his reputation. Plaintiff also asserts that Defendants failed to ensure beyond a reasonable doubt that the statements were accurate, factual, or relevant to their intended purpose. Plaintiff further asserts that the "official duty" privilege does not apply to Defendants' conduct because the privilege is breached when a published statement has no basis in fact, or has been or can be proven false. Defendants also cannot produce any certified proof of the accusations made in the statement.

Plaintiff also alleges that Defendants breached their duty to protect and serve. Plaintiff asserts that Defendants were acutely aware that the specific accusations would place Plaintiff in danger of reprisal from gang members and inmates in the jail where Plaintiff was housed following his arrest. Plaintiff further asserts that by releasing inaccurate information, Defendants put his family in danger of retaliation, reprisal, or acts of violence by incensed members of the community where he and his family resided. Plaintiff also asserts that he has a "special relationship" with Defendants because he is a citizen of the community which they serve.

## III.   DISCUSSION
### A.  Municipal Liability Claim

A county or other local governmental entity may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation solely because it employs a

tortfeasor. 436 U.S. at 691. An entity defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990). "Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *See, e.g., Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support).

Here, Plaintiff fails to allege any cognizable claim against the Fresno Police Department. Plaintiff alleges only that "the policy and practice of airing unfactual [sic] press releases, whether knowingly or unknowingly is the driving force for these allegations." This conclusory allegation is insufficient to state a *Monell* claim against an entity defendant. Plaintiff fails to identify an express municipal policy or well-settled and permanent custom of the Fresno Police Department to hold press conferences to release false information. Thus, Plaintiff fails to state any cognizable claims under § 1983 against Fresno County and the Fresno County Sheriff.

### B. Equal Protection Claim

"'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v.*

*City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Where the governmental action is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Id.* (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66 (1977)). An equal protection claim can be brought by a "'class of one' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

Plaintiff fails to state a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff does not identify any protected class within which he may be categorized. Furthermore, Plaintiff does not allege that Defendants acted with the intent or purpose to discriminate against him or that they acted with the intent to treat him differently from other similarly situated. Plaintiff only alleges that he "was treated differently for unknown reasons." This allegation, without more, fails to state a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment.

### C. Defamation Claim

#### 1. Defamation under California State Law

Under California law, defamation is defined as the "intentional publication of a statement of fact that is false, <u>unprivileged</u>, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999) (emphasis added). California recognizes an absolute "official duty" privilege. Under California Civil Code § 47, "[a] privileged publication or broadcast is one made . . . [i]n the proper discharge of an official duty." The privilege attaches if the statement made by the governmental official bears "'some relation to the executive proceeding in which the officer is acting.'" *Kilgore v. Younger*, 30 Cal. 3d 770 (1982). "When it applies, the privilege is absolute and cannot be defeated by a showing of malice." *Id.* "Because a public official's duty includes the duty to keep the public informed of his or her management of the public business, press releases, press conferences and other public statements by such officials are covered by the 'official duty' privilege. *Maranatha Corrections, LLC v.*

*Department of Corrections & Rehabilitation*, 70 Cal.Rptr.3d 614 (Ct. App. 2008) (quoting *Rothman v. Jackson*, 57 Cal. Rptr.2d 284 (Ct. App. 1996)).

Here, Plaintiff alleges that Defendant Dyer, while acting in his capacity as Chief of the Fresno Police Department, stated at a press conference that Plaintiff was an active member of a notorious street gang known for dangerous and extraordinarily heinous violent crimes. As alleged, the statement by Chief Dyer is absolutely privileged, and is not defamatory under the law. Plaintiff states that the official duty privilege is breached when the published statements have no basis in fact. However, there is no such exception under California law. Thus, Plaintiff fails to state a defamation claim under California law.

### 2. Defamation under § 1983

"Damage to reputation alone is not actionable under § 1983." *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006). However, if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under § 1983 on the theory that he or she has been deprived of a constitutionally protected right without the procedural guarantees of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 708-09 (1976) (recognizing that a § 1983 defamation case might lie where a government official defames a plaintiff and the official's action "deprived the individual of a right previously held under state law"; "it was the alteration of legal status which, combined with the injury resulting from the defamation, justified the invocation of procedural safeguards").

To state a claim for § 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was denied of a federally protected interest without due process of law. *Hart*, 450 F.3d at 1070 (quoting *Paul*, 424 U.S. at 701-02). "This is known as the 'stigma-plus' test." *Id*. at 1070.

The "stigma-plus" test can be satisfied in two ways. *Id.* The first way is for a plaintiff to "show that the injury to his reputation was inflicted in connection with the deprivation of a federally protected right." *Id*. (citation omitted). The second way is for a plaintiff to "show that the injury to his reputation *caused* the denial of a federally protected right." *Id.*

Here, Plaintiff also fails to allege a defamation claim under §1983. Plaintiff alleges that by publishing the false or inaccurate statement, Defendant Dyer injured his reputation and put him in danger of potential reprisal. As discussed above, Defendant Dyer's statement is absolutely privileged, and thus is not a defamatory statement under the law. Also, as discussed above, Plaintiff does not sufficiently allege that he was deprived of any constitutionally protected right. As Plaintiff does not allege facts establishing that a defamatory statement caused him to suffer reputational injury in connection with or as a result of the deprivation of a federally protected right, he has failed to state a cognizable claim for defamation under § 1983.

### D. Duty to Serve and Protect Claim

"There is, in general, no constitutional duty of state officials to protect members of the public at large from crime." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699-700 (9th Cir. 1988). Police officers do not have an affirmative duty to investigate crimes in a particular manner or to protect one citizen from another. *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994). "However, such a duty may arise by virtue of a 'special relationship' between state officials and a particular member of the public." *Balistreri*, 901 F.2d at 699. "[T]o determine whether a 'special relationship' exists, a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff." *Id.*

Here, Plaintiff alleges that he has a special relationship with Defendant Dyer because Plaintiff is a citizen of the community. These allegations fail to establish that Defendant Dyer had a "special" duty to protect Plaintiff prior to the press conference. That Plaintiff is a resident of the City of Fresno does not create a special relationship between him and law enforcement professionals in the City of Fresno. Thus, Plaintiff fails to state a cognizable claim under § 1983.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that the First Amended Complaint fails to state a cognizable claim upon which relief may be granted under § 1983. The Court does not recommend granting further leave

to amend because Plaintiff filed his First Amended Complaint after receiving ample legal guidance from the Court, and further leave to amend appears to be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim on which relief may be granted; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2018**            /s/ Erica P. Grosj
                                          UNITED STATES MAGISTRATE JUDGE

8